UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RYAN TYSON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ACRT SERVICES INCORPORATED, et al.,<br><br>　　　　　Defendants. | Case No. 23-cv-01889-HSG<br><br>**ORDER GRANTING MOTIONS TO DISMISS AND DENYING MOTION FOR SUMMARY JUDGMENT**<br><br>Re: Dkt. Nos. 28, 44, 67, 70, 75 |

Before the Court are Defendants' four motions to dismiss and Plaintiff's motion for summary judgment. *See* Dkt. Nos. 28, 44, 67, 70, 75. The Court finds these matters appropriate for disposition without oral argument and the matters are deemed submitted. For the reasons detailed below, the Court **GRANTS** the motions to dismiss, *see* Dkt. Nos. 28, 67, 70, 75, and **DENIES** the motion for summary judgment, *see* Dkt. No. 44.

## I.    BACKGROUND

Pro se Plaintiff Ryan Tyson worked as an arborist for Defendant ACRT Services, Inc. Amended Complaint ("FAC") ¶¶ 7–11. Plaintiff alleges that on September 10, 2021, he was involved in an automobile accident and suffered injuries that caused him to be disabled beginning on May 21, 2022. *Id*. at ¶14. Plaintiff reported his injuries to his employer and made a request for reasonable accommodations. *Id*. at ¶ 26. He also filed a Family Medical Leave Act (FMLA) request and claim for temporary disability through the company's group plan. *Id*. According to Plaintiff, his claim and requests were denied. *Id*. at ¶ 27. Plaintiff filed a five-count amended complaint against Defendants ACRT, Inc. ("ACRT, Inc."), ACRT Services, Inc. ("ACRT Services"), Travelers Indemnity Company ("Travelers"), New York Life Group Benefit Solutions ("New York Life"), Great Banc ("Great Banc"), Michael Weidner, Shannon Cecconi, Cliff

Benedict, and Anissa Grider (collectively, "Individual Defendants"). *Id.* at 12–13.   In his

complaint, Plaintiff alleged violations of (1) the Americans with Disabilities Act (ADA); (2) The

Rehabilitation Act of 1973 ("Rehabilitation Act"); (3) California state libel and slander law; (4) 18

U.S.C. § 1033 (Crimes by or affecting persons engage in the business of insurance whose

activities affect interstate commerce); and (5) 18 U.S.C. § 246 (Deprivation of relief benefits).[1]

FAC ¶¶ 37–46.  Defendants now move to dismiss,  Dkt. Nos. 28, 67, 70, 75, and Plaintiff filed a

motion for summary judgment, Dkt. No. 44.

## II.   MOTIONS TO DISMISS

### A.   Legal Standard

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain

statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  A

defendant may move to dismiss a complaint for failing to state a claim upon which relief can be

granted under Rule 12(b)(6).  "Dismissal under Rule 12(b)(6) is appropriate only where the

complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory."

*Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).  To survive a Rule

12(b)(6) motion, a plaintiff need only plead "enough facts to state a claim to relief that is plausible

on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is facially plausible

when a plaintiff pleads "factual content that allows the court to draw the reasonable inference that

the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In reviewing the plausibility of a complaint, courts "accept factual allegations in the

complaint as true and construe the pleadings in the light most favorable to the nonmoving party."

*Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).  Nevertheless,

courts do not "accept as true allegations that are merely conclusory, unwarranted deductions of

fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir.

---

[1] Plaintiff's FAC does not specify which causes of action are asserted against which Defendants.
Accordingly, in order to give this pro se complaint the benefit of the doubt, the Court construes all
claims as being stated against all Defendants.  *See Ardlan v. McHugh*, 13-cv-01138-LHK, 2013
WL 6212710, at *3 (N.D. Cal. November 27, 2013) (citing *Haines v. Kerner*, 404 U.S. 519, 520
(1972) and *Morrison v. Hall*, 261 F.3d 896, 899 n.2 (9th Cir.2001)).

United States District Court
Northern District of California

2008) (quoting *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)).

Even if the court concludes that a 12(b)(6) motion should be granted, the "court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (quotation omitted).

**B.    Discussion**

Defendants bring four different motions to dismiss with overlapping arguments, asserting numerous bases for dismissal. *See* Dkt. Nos. 28, 67, 70, 75. Though the Court need not reach every argument that each Defendant raises, the Court finds that the dismissal of Plaintiff's complaint is warranted.

**i.    Personal Jurisdiction as to Individual Defendants**

Individual Defendants argue that this Court does not have personal jurisdiction as to them because (1) they are out of state residents with no minimum contacts to the forum and (2) Plaintiff did not effect proper service of process. Dkt. No. 28 at 10–11. The Court agrees that Plaintiff has not met his burden to establish that it has personal jurisdiction over Individual Defendants.

In determining whether the exercise of personal jurisdiction over a nonresident defendant is proper, a district court must apply the law of the state in which it sits when there is no applicable federal statute governing personal jurisdiction. *Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316, 1320 (9th Cir. 1998). District courts in California may exercise personal jurisdiction over a nonresident defendant to the extent permitted by the Due Process Clause of the Constitution. Cal. Code Civ. P. § 410.10. The Due Process Clause requires that the defendant have "certain minimum contacts" with the forum "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. State of Washington*, 326 U.S. 310, 316 (1945) (citations and internal quotation marks omitted). The party seeking to invoke jurisdiction has the burden of establishing that jurisdiction exists. *Flynt Distrib. Co. v. Harvey*, 734 F.2d 1389, 1392 (9th Cir. 1984). Personal jurisdiction may be founded on either general jurisdiction or specific jurisdiction.

//

United States District Court
Northern District of California

### a. General Jurisdiction

Individual Defendants argue that the Court does not have general jurisdiction over them because Plaintiff's complaint reflects that each of them has an out of state address. *See* Dkt. No. 1 at 2. "General jurisdiction . . . permits a court to hear any and all claims against a defendant, whether or not the conduct at issue has any connection to the forum." *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1068 (9th Cir. 2015) (citation and quotation omitted). A court may assert general personal jurisdiction over defendants "when their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." *Goodyear*, 471 U.S. at 919 (quoting *Int'l Shoe Co.*, 326 U.S. at 317). Plaintiff's complaint does not contain any allegations at all as to the Individual Defendants' affiliations with California, let alone allege that any such affiliations are so "continuous and systematic" as to render them essentially at home in California. The Court concludes that it does not have general personal jurisdiction over the Individual Defendants.

### b. Specific Jurisdiction

Individual Defendants also argue that that the Court does not have specific jurisdiction over them. The Ninth Circuit has established a three-part inquiry, referred to as the minimum contacts test, to determine whether a court has specific personal jurisdiction over a defendant: (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e., it must be reasonable. *Freestream Aircraft (Bermuda) Ltd. v. Aero L. Grp.*, 905 F.3d 597, 603 (9th Cir. 2018) (quoting *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th. Cir. 2004)).

Plaintiff's complaint contains no allegations about the non-resident Individual Defendants' ties to California. The complaint does not allege that Individual Defendants engaged in any activity connected to California or in any way purposefully directed activity here. Accordingly,

United States District Court
Northern District of California

1    Plaintiff also has not established specific personal jurisdiction.  Given this conclusion, the Court

2    need not reach Individual Defendants' remaining arguments for dismissal based on failure to state

3    a claim.  Nor does the Court need to decide Individual Defendants' second personal jurisdiction

4    argument regarding service of process.  *See Sinochem, Intern Co. v. Malaysia Intern. Shipping*

5    *Corp.*, 549 U.S. 422, 431 (2007) ("[A] federal court has leeway to choose among threshold

6    grounds for denying audience to a case on the merits.")

7         The Court DISMISSES each claim against the Individual Defendants for lack of personal

8    jurisdiction, with leave to amend.  *See Eldridge v. Block*, 832 F.2d 1132, 1135–36 (9th Cir.1987)

9    (noting that courts are required to give pro se plaintiffs some leniency to overcome deficiencies

10   unless amendment would be futile).  If Plaintiff is unsure whether Individual Defendants have

11   done anything in or directed at California as set out in the cases discussed above, he should not

12   name them in any subsequent amended complaint.  If Plaintiff has a reasonable good faith belief

13   that Individual Defendants have taken such actions in or directed at California, his amended

14   complaint must explain what each Defendant personally did, and identify each Defendant's

15   connection to California supporting personal jurisdiction.

16           **ii.    Count I: Violation of the Americans with Disabilities Act**

17        Defendants argue that Plaintiff's ADA claim must be dismissed because he failed to

18   exhaust his administrative remedies.[2]  For claims brought under the ADA, an aggrieved individual

19   must first exhaust administrative remedies, which requires filing a charge with the EEOC detailing

20   the facts underlying the alleged discrimination.  *See Freeman v. Oakland Unified Sch. Dist.*, 291

21   F.3d 632, 636 (9th Cir. 2002); *Hayek v. HCAL, LLC*, Case. No. 11cv608L(BLM), 2011 WL

22   6819075, at *5 (S.D. Cal. November 17, 2011).  Once a plaintiff exhausts administrative remedies,

23   he may file a civil suit "against the respondent named in the [EEOC] charge."  42 U.S.C. § 2000e-

24   5(f)(1); *see also* 42 U.S.C. § 12117(a) (incorporating the procedures established by Title VII).  To

25   state a claim under the ADA, Plaintiff must show that (1) he is disabled within the meaning of the

26

27   ───────────────

28   [2] In deciding a motion to dismiss for failure to exhaust nonjudicial remedies, a district court may look beyond the pleadings and decide disputed issues of fact.  *Morton v. Hall*, 599 F.3d 942 (9th Cir. 2010).

1    ADA; (2) Defendant owns, leases, or operates a place of public accommodation; and (3) Plaintiff

2    was denied access to public accommodations by Defendant because of his disability.  *Molski v.*

3    *M.J. Cable, Inc.*, 481 F.3d 724, 730 (9th Cir. 2007).

4        Plaintiff filed a discrimination charge with the EEOC only against Defendant ACRT

5    Services. Dkt. No. 32 at 26–27.  Plaintiff's charge did not name any other Defendants or allege

6    any wrongdoing on their part.  Plaintiff acknowledges deficiencies in his EEOC charge, admitting

7    that he "erred in completing his EEOC charge with a lack of knowledge of the process and

8    procedural rules."  Opp. At 7.  Plaintiff has failed to exhaust his administrative remedies with

9    respect to each Defendant other than ACRT Services.  *See Freeman*, 291 F.3d at 636 (explaining

10   that in determining whether exhaustion requirement has been satisfied, the court must look to the

11   "perpetrators of discrimination named in the charge").

12       ACRT Services further argues that though Plaintiff named it in his EEOC charge, his ADA

13   claim is still unexhausted because the substantive allegations in this lawsuit are different than

14   those outlined in his EEOC charge.  *See* Dkt. No. 28 at 3.  In determining whether Plaintiff's civil

15   claims are reasonably related to allegations in the charge, the Court must look "to the extent that

16   those claims are consistent with the plaintiff's original theory of the case."  *B.K.B. v. Maui Police*

17   *Dep't*, 276 F.3d 1091, 1100 (9th Cir.2002).   The Court is "required to construe [] EEOC charges

18   with utmost liberality since they are made by those unschooled in the technicalities of formal

19   pleading."  *Id*.  ACRT Services argues that Plaintiff's claims here are not related to his EEOC

20   Charge because there "Plaintiff acknowledge[d] that he was provided leave (as an

21   accommodation), but asserted he was discriminated and retaliated against because his leave

22   information did not get to the employer."  Dkt. No. 28 at 4.

23       The Court is not persuaded by this argument.  In the EEOC charge, Plaintiff argues that

24   ACRT Services discriminated against him because of his disability by denying him reasonable

25   accommodations and retaliating against him – terminating his employment – on account of his

26   disability and protected activity.  In his civil complaint, Plaintiff alleges that his reasonable

27   accommodation request was denied, and he was terminated on account of his disability.

28   Accordingly, Plaintiff's civil complaint is reasonably related to and consistent with his EEOC

United States District Court
Northern District of California

1    Charge.  Therefore, with respect to Defendant ACRT Services, Plaintiff has exhausted his

2    administrative remedies.

3         ACRT Services also argues that to the extent Plaintiff exhausted his administrative

4    remedies, his claim should be dismissed for failure to state a claim.  *Id.*  The Court agrees with

5    Defendant on this point.  To state a claim under the ADA, Plaintiff must first allege how he is

6    disabled within the meaning of the ADA.  Plaintiff has failed to do so.  Plaintiff does not allege

7    that he has a disability within the meaning of the ADA.  As ACRT Services points out, Plaintiff

8    has not alleged his disability with factual specificity.  Nowhere in his amended complaint does

9    Plaintiff identify what his alleged disability is.  The most Plaintiff alleges is that he "is / has been

10   disabled from 05/21/2022 and has been treated for over a year due to injuries sustained in [a]n

11   automobile accident."  Dkt. No. 32 at 14.   This does not allow the Court to determine whether

12   Plaintiff can plausibly claim to be disabled within the meaning of the ADA.  Accordingly, Plaintiff

13   has failed to state a cognizable claim under the ADA.  *See Warner v. Delano*, Case No. 21-cv-

14   5666-HSG, 2021 WL 5507160, at *2 (N.D. Cal. November 24, 2021) (dismissing ADA claim

15   because "Plaintiff [had] not made sufficient factual allegations for the Court to conclude that

16   Plaintiff [was] disabled for purposes of the ADA").

17        The Court accordingly GRANTS the motions to dismiss Plaintiff's ADA claim as to

18   Defendants ACRT, Inc., Travelers, New York Life, and Great Banc based on Plaintiff's failure to

19   exhaust administrative remedies.  As to these defendants, the Court DISMISSES Plaintiff's ADA

20   claim without leave to amend and without prejudice.  *See Martinez v. IndyMac Mortg. Servs.*,

21   EDCV 10–01495 VAP, 2010 WL 11556594, at *2 (C.D. Cal. December 2, 2010) (explaining that

22   when Plaintiff fails to exhaust administrative remedies, his claim should be dismissed without

23   leave to amend and without prejudice to allow Plaintiff to file a new suit that meets the

24   jurisdictional requirements).  If Plaintiff exhausts his administrative remedies, he can pursue a new

25   suit alleging his ADA claims, assuming such claims are not by then time-barred or otherwise

26   precluded.

27        The Court GRANTS Defendant ACRT Services' motion to dismiss Plaintiff's ADA claim

28   for failure to state a claim upon which relief may be granted.  As to ACRT Services, Plaintiff's

United States District Court
Northern District of California

United States District Court
Northern District of California

claim is DISMISSED with leave to amend.  If Plaintiff chooses to amend his complaint and include this ADA claim, he must identify his disability with factual specificity.

### iii.    Count II: Violation of the Rehabilitation Act of 1973

The Rehabilitation Act of 1973 prohibits discrimination based on disability in programs conducted by federal departments or federal agencies; in programs receiving federal financial assistance; and in federal employment.  *See* 29 U.S.C. § 794(d).  Specifically, Section 508(a), titled "Requirements for Federal departments and agencies," provides that "each Federal department or agency . . . shall ensure . . . individuals with disabilities who are members of the public seeking information or services from a Federal department or agency to have access to and use of information . . ."  29 U.S.C. § 794d(a)(1)(A); *Lloyd v. Facebook, Inc.*, 21-cv-10075-EMC, 2022 WL 4913347, at *6 (N.D. Cal. October 3, 2022).  Plaintiff's Rehabilitation Act claim fails because Defendants are private entities, not federal agencies, and Plaintiff also has not alleged that these private entity defendants receive federal funding.  *Id.*  ("Plaintiff's Rehabilitation Act claim fails because Meta and Facebook are private entities, and Zuckerberg is an individual.").  Therefore, the Court GRANTS Defendants' motion to dismiss the Rehabilitation Act claim with leave to amend.

### iv.    Count III: Libel and Slander Claim

Defendants argue that Plaintiff's third cause of action for libel and slander must be dismissed because Plaintiff did not identify any specific written or oral statement that was defamatory.  *See e.g.*, Dkt. No. 28 at 7.  Alternatively, Defendants argue that the litigation privilege of Cal. Civ. Code § 47 protects any of the speech or statements that Plaintiff alleges to be defamatory.

To state a claim for libel under California law, a plaintiff must allege "the intentional publication of a statement of fact that is false, unprivileged, and has a natural tendency to injure or which causes special damage."  *Smith v. Maldonado*, 72 Cal. App. 4th 637, 645, (1999); *see also* Cal. Civ. Code §§ 45–46; *Cort v. St. Paul Fire and Marine Ins. Companies, Inc.*, 311 F.3d 979, 985 (9th Cir. 2002).  Publication does not require communication to the public at large, but the communication must be made to some third person who understands the defamatory meaning of

the false statement. *Maldonado*, 72 Cal. App. 4th at 645. "Slander is a false and unprivileged publication, orally uttered, . . . which, among other things, [t]ends directly to injure [a person] in respect to his office, profession, trade or business." Cal. Civ. Code § 46; *Krivanek v. Huntsworth Group LLC*, No. 15–cv–02466–HSG, 2015 WL 5258788 (N.D. Cal. September 15, 2015). The litigation privilege of Cal. Civ. Code § 47 generally protects from tort liability any publication made in connection with a judicial proceeding. *Holland v. Jones*, 210 Cal. App. 4th 378, 381 (2012). The privilege applies to any communication (1) made in judicial or quasi-judicial proceedings; (2) by litigants or other participants authorized by law; (3) to achieve the objects of the litigation; and (4) that have some connection or logical relation to the action. *Id.*

Plaintiff's complaint alleges that Defendants made libelous and slanderous statements to EEOC administrators or investigators that Plaintiff "abandoned work." FAC ¶¶ 41–42. Plaintiff alleges that this statement was false and is damaging to his "prospective professional future." *Id.* at ¶ 43. Despite Defendants' insistence that Plaintiff did not identify a specific statement, Plaintiff clearly alleges that Defendants reported "written and recorded false information – that Mr. Tyson abandoned work." *Id.* at ¶ 42. At the pleading stage, this is enough specificity to satisfy Plaintiff's burden of identifying the statement at issue.

But Defendants' alleged statements are protected by the litigation privilege. In his complaint, Plaintiff admits that Defendants' allegedly defamatory statements were made to EEOC administrators or investigators. Though these statements were not made in a judicial proceeding, Cal. Civ. Code § 47 applies to "any other official proceeding authorized by law" and has been interpreted as applying to investigations by government agencies. *See* Cal. Civ. Code § 47(b); *Cruey v. Gannett Co.*, 64 Cal. App. 4th 356, 368, (1998) (holding that the privilege applied to investigative communications with the EEOC); *Winns v. Exela Enter. Sols.*, 4:20-cv-06762-YGR, 2021 WL 5632587 (N.D. Cal. December 21, 2021) (holding that Cal. Civ. Code § 47 applies to communications made to government agencies including California's Labor Commission and the EEOC). Accordingly, the Court GRANTS Defendants' motion to dismiss Plaintiff's third cause of action. Plaintiff's claim is dismissed without leave to amend to the extent it is based on Defendant's statements made to the EEOC because such statements are categorically protected by

United States District Court
Northern District of California

1    the litigation privilege.  In any amended complaint, Plaintiff may allege libel or slander only to the

2    extent those claims are not based on statements made to the EEOC or other government agencies.

3              v.    **Counts IV and V: Violations of 18 U.S.C. § 1033 and 18 U.S.C. § 246**

4              Plaintiff asserts claims under 18 U.S.C. § 1033 and 18 U.S.C. § 246, both of which are

5    federal criminal statutes.  *See* 18 U.S.C. § 1033 ("The punishment for an offense under [this

6    statute] is a fine as provided under this title or imprisonment for not more than 10 years, or both");

7    18 U.S.C. § 246 (detailing that whoever violates this statute will be "fined under this title, or

8    imprisoned not more than one year, or both").  Private individuals lack standing to assert claims

9    for relief based on criminal statutes.  *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[I]n

10   American Jurisprudence . . . a private citizen lacks a judicially cognizable interest in the

11   prosecution or nonprosecution of another."); *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir.

12   1980) (federal criminal statutes generally do not provide a private cause of action or a basis for

13   civil liability).  Thus, "individuals cannot file criminal charges in the United States District Court.

14   Rather, criminal proceedings in federal court are initiated by the government, usually through the

15   United States Attorney's Office."  *Williams v. Praetorian Ins. Co.*, Case No. 20-cv-47662020, WL

16   13815138, at *2 (N.D. Cal. July 16, 2020).  Accordingly, the Court GRANTS Defendants' motion

17   to dismiss Plaintiff's fourth and fifth causes of action.  Because Plaintiff lacks standing to bring

18   criminal charges, the Court DISMISSES these claims without leave to amend.  *See id*.  (dismissing

19   complaint alleging criminal charges without leave to amend); *Cornejo v. Moran*, Case No. 17-cv-

20   04664-CRB, 2017 WL 5972544, at *1 (N.D. Cal. December 1, 2017) (dismissing without leave to

21   amend because amendment would be futile since "there is no set of facts under which Plaintiffs

22   can state a valid and sufficient claim").

23   **III.    SUMMARY JUDGMENT**

24        **A.    Legal Standard**

25              Summary judgment is proper where the pleadings, discovery and affidavits show that there

26   is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of

27   law."  *See* Fed. R. Civ. P. 56(a).  Material facts are those that may affect the outcome of the

28   case.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A dispute as to a material

United States District Court
Northern District of California

10

United States District Court
Northern District of California

1   fact is genuine if the evidence is such that a reasonable jury could return a verdict for the

2   nonmoving party.  *See id.*

3          A court shall grant summary judgment "against a party who fails to make a showing

4   sufficient to establish the existence of an element essential to that party's case, and on which that

5   party will bear the burden of proof at trial [,] . . . since a complete failure of proof concerning an

6   essential element of the nonmoving party's case necessarily renders all other facts immaterial."

7   *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).  The moving party bears the initial

8   burden of identifying those portions of the record that demonstrate the absence of a genuine issue

9   of material fact.  *Id.* at 323.  The burden then shifts to the nonmoving party to "go beyond the

10  pleadings and by [its] own affidavits, or by the 'depositions, answers to interrogatories, and

11  admissions on file, 'designate 'specific facts showing that there is a genuine issue for trial.'"  *Id.* at

12  324 (citing Fed. R. Civ. P. 56(e)).

13         **B.     Discussion**

14         Plaintiff brings a motion for summary judgment "on all Claims as presented in the

15  Amended Complaint."  Dkt. No. 44 at 2.  The Court denies Plaintiff's motion.

16         Although a motion for summary judgment may be filed "at any time[,]" the Court may

17  "defer considering the motion" or "allow time to . . . take discovery" if necessary to allow the non-

18  movant to present facts essential to justify its opposition.  Fed. R. Civ. P. 56(b), (d).  Plaintiff's

19  motion is premature.   First, Plaintiff has yet to establish he has a viable claim.  *See Blake v.*

20  *Gillote*, Case No. No. 14-cv-03727-HSG, 2015 WL 1927756, at *3 (N.D. Cal. April 28, 2015)

21  (finding plaintiff's motion for summary judgment premature because it was filed before

22  allegations in complaint were found cognizable).  Further, the parties have not engaged in

23  discovery yet.  *See United States v. Real Prop. & Improvements Located at 2366 San Pablo Ave.,*

24  *Berkeley, California*, No. 13-CV-02027-JST, 2014 WL 3704041, at *3 (N.D. Cal. July 24, 2014)

25  (noting the court "would be spinning its wheels by considering a premature summary judgment

26  motion when the parties have not had time to develop an adequate factual record"); *James White v.*

27  *J. Sanchez et al.*, No. CV 21-04066-GW (DFM), 2023 WL 4290386, at *1 (C.D. Cal. Mar. 1,

28  2023) ("Summary judgment is generally not appropriate until the parties have had an opportunity

1  to pursue discovery.").  Accordingly, Plaintiff's motion for summary judgment is DENIED.

2  **IV.  CONCLUSION**

3  The Court **GRANTS** Defendants' motions to dismiss and **DISMISSES**  Plaintiff's

4  complaint.  *See* Dkt. Nos. 28, 67, 70, 75.

5  - Plaintiff's first cause of action under the ADA is dismissed with leave to amend as

6  to Defendant ACRT Services and is dismissed without leave to amend (but without

7  prejudice) as to ACRT, Inc., Travelers, New York Life, and Great Banc.

8  - Plaintiff's second cause of action under the Rehabilitation Act is dismissed with

9  leave to amend.

10  - Plaintiff's third cause of action for libel and slander is dismissed with leave to

11  amend (but without leave to amend as to the currently pled "abandoned work"

12  statement made to the EEOC).

13  - Plaintiff's Fourth and Fifth causes of action under 18 U.S.C. § 1033 and 18 U.S.C.

14  § 246 are dismissed without leave to amend.

15  The Court **DENIES** Plaintiff's motion for summary judgment without prejudice.   *See* Dkt.

16  No. 44.

17  //

18  //

19  //

20  //

21  //

22  //

23  //

24  //

25  //

26  //

27  //

28  //

United States District Court
Northern District of California

Despite the deficiencies in Plaintiff's complaint, the Court cannot say at this stage that amending the complaint would be futile.  *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) ("[A] pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action.").  Plaintiff may still be able to allege sufficient facts to state a claim.  *Lopez*, 203 F.3d at 1130.  Plaintiff shall file an amended complaint within 28 days of this order.  Failure to file an amended complaint by this deadline may result in the dismissal of the action in its entirety without further leave to amend.  In addition, Plaintiff's amended complaint will be dismissed if he does not correct the deficiencies the Court has identified in this order.

**IT IS SO ORDERED.**

Dated:   1/5/2024

HAYWOOD S. GILLIAM, JR.
United States District Judge