UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RYAN TYSON,<br><br>    Plaintiff,<br><br>v.<br><br>ACRT SERVICES INCORPORATED, et al.,<br><br>    Defendants. | Case No. 23-cv-01889-HSG<br><br>**ORDER DISMISSING CASE FOR FAILURE TO PROSECUTE** |

On January 5, 2024, the Court granted several motions to dismiss Plaintiff's Second Amended Complaint filed by Defendants ACRT Services Incorporated, Michael Weidner, Cliff Benedict, Shannon Cecconi, Annissa Grider, Travelers Indemnity Company, New York Life Group Benefit Solutions, and Great Banc (collectively, "Defendants"). *See* Dkt. No. 84. The Court granted Plaintiff leave to amend his complaint by February 2, 2024, and warned him that failure to file an amended complaint by the deadline could result in dismissal of the action in its entirety. *See id.* at 13. Plaintiff failed to file an amended complaint. On February 22, 2024, the Court ordered Plaintiff to show cause why the case should not be dismissed for failure to prosecute. *See* Dkt. No. 86. Plaintiff failed respond. Defendants then filed an administrative motion for default judgment based on Plaintiff's unresponsiveness, and again Plaintiff did not respond. *See* Dkt. No. 85. For the reasons set forth below, this action is **DISMISSED WITHOUT PREJUDICE** for failure to prosecute.

I. **DISCUSSION**

The district court may dismiss a case for failure to prosecute or for failure to comply with a court order. *See* Fed. R. Civ. P. 41(b). "The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R. Co.,* 370 U.S. 626, 630–31 (1962).

"Despite this authority, dismissal is a harsh penalty and, therefore, it should only be imposed in extreme circumstances." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (citations omitted); *see also* Fed. R. Civ. P. 41(b) (stating that dismissal for failure to prosecute "operates as an adjudication on the merits" unless the order says otherwise).

Courts "must weigh five factors" in determining whether to dismiss a case for failure to prosecute: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." *See Ferdik,* 963 F.2d at 1260–61. Here, the Court considers each factor in turn, and finds that they weigh in favor of dismissal.

First, "the public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). That is true here. Plaintiff failed to file an amended pleading or respond to the Court's order to show cause. *See* Dkt. Nos. 84, 86. The Court is satisfied that Plaintiff's lack of responsiveness contravenes the "public's interest in expeditious resolution of litigation." *See id.* This factor therefore weighs in favor of dismissal.

Second, it is "incumbent" upon courts "to manage [their] docket without being subject to routine noncompliance of litigants." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik*, 963 F.2d at 1261). Here, Plaintiff has demonstrated such "routine noncompliance" by failing to amend his pleading or respond to the Court's order by the deadlines set (or ever). It is the "trial judge [who] is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest," and this present delay has "consumed some of the court's time that could have been devoted to other cases on the docket." *Id.* This factor therefore weighs in favor of dismissal.

Third, in order to prove prejudice, "a defendant must establish that plaintiff's actions impaired defendant's ability to proceed to trial or threatened to interfere with the rightful decision of the case." *Id.* (citing *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 131 (9th Cir. 1987)). "Whether prejudice is sufficient to support an order of dismissal is in part judged with

2

1  reference to the strength of the plaintiff's excuse for the default." *Malone*, 833 F.2d at 131
2  (citation omitted).  In *Malone*, which involved a Rule 41(b) dismissal for failure to comply with a
3  court order, the district court found the plaintiff's excuse for her failure to comply with the order
4  to be "groundless," justifying dismissal.  *Id*.  In *Yourish,* which also involved plaintiffs who failed
5  to obey a court order, the court concluded the defendants had suffered "sufficient prejudice" where
6  the plaintiffs had only a "paltry excuse" for why they failed to timely amend their complaint.  191
7  F.3d at 991–92.  Here, Plaintiff has failed to (1) timely amend his complaint; (2) obey a court
8  order; and (3) oppose or respond to Defendants' motion for judgment.  Unlike either *Malone* or
9  *Yourish*, the Plaintiff has not provided *any* excuse for his noncompliance.  By way of comparison,
10 in *Mondala v. Wells Fargo Bank, N.A.*, which involved dismissal for missing two court-ordered
11 deadlines, the plaintiff was similarly "entirely absent," justifying dismissal.  No. 18-CV-01781,
12 2018 WL 3126392, at *2 (N.D. Cal. June 26, 2018).  This factor therefore weighs in favor of
13 dismissal.

14       Fourth, the Court has attempted to avail itself of less drastic alternatives that have proven
15 ineffective in advancing the case.  The Court first allowed Plaintiff an additional four weeks to
16 amend his complaint.  *See* Dkt. No. 84.  The Court then entered an order to show cause, expressly
17 warning Plaintiff that his case was at risk of dismissal for failure to prosecute and giving him an
18 additional two weeks to rectify the issue.  *See* Dkt. No. 86; *Ferdik*, 963 F.2d at 1262 (holding that
19 warning a party that his failure to obey the court's order will result in dismissal can satisfy the
20 "consideration of alternatives" requirement).  This factor therefore weighs in favor of dismissal.

21       Lastly, while "[p]ublic policy favors disposition of cases on the merits," such that "this
22 factor weighs against dismissal," Plaintiff is not precluded from litigating these claims when he is
23 prepared to do so in compliance with Court orders.  *See Pagtalunan*, 291 F.3d at 643.

24       Because four of the five factors weigh in favor of dismissal, the Court finds that dismissal
25 of Plaintiff's case for failure to prosecute is appropriate.

26       //
27       //
28       //

## II. CONCLUSION

Plaintiff's case is **DISMISSED WITHOUT PREJUDICE.** The Clerk is directed to close the case. This order **terminates as moot** Dkt. No. 85.

**IT IS SO ORDERED.**

Dated: 7/15/2024

HAYWOOD S. GILLIAM, JR.
United States District Judge

4